(119 App. Div. 883.)

### In re SPENCER'S ESTATE.

(Supreme Court, Appellate Division, First Department.  May, 1907.)

TAXATION—TRANSFER TAX—LIABILITY.

> Where the will of a donee of a power neither adds to nor takes from any of the beneficiaries the benefits which the will of the donor of the power conferred on them, the beneficiaries are not liable to a transfer tax under the will of the donee of the power.

Appeal from Order of Surrogate, New York County.

In the matter of the transfer tax on the real estate of Sarah J. G. Spencer, deceased.  From an order of the Surrogate's Court of the county of New York reversing a prior order assessing a tax, and re-

mitting report of appraiser for further consideration, the Comptroller of the State appeals. Affirmed.

The following is the opinion of Thomas, Surrogate:

The vital distinction made by the Court of Appeals in Matter of Cooksey, 182 N. Y. 92, 74 N. E. 880, and Matter of Lansing, 182 N. Y. 238, 74 N. E. 882, argued on the same day before that court, is based upon the difference existing in the two wills of the several donors of the powers. In the will in Matter of Cooksey, the remainder of the trust estate created for the benefit of the donee of the power was directed to pass to or vest in the children of the donee of the power upon her death, as she by her "last will and testament shall designate and appoint, and in such manner and upon such terms as he or she may legally impose." The only alternative provision was that, "in case such person dies intestate," the said trust fund should "vest absolutely and at once" in the surviving children, share and share alike, of the donee of the power. Under this will, it was necessary, in order that the children of the donee of the power should take, either that there should be an exercise of the power, or that the donee of the power should die intestate. Her children had no title except under the execution of the power, and the transfers to them were therefore held taxable. In the Lansing Case, there was a direct devise and bequest contained in the will of the donor of the power, by which the corpus of the trust fund was given "to her heirs at law, subject, however, to the power of such child to devise hereinafter contained." Under this will, Vann, J., remarked: "The execution of the power left the title where it was before, and the result is the same as if there had been no power to exercise." In other words, the final beneficiaries of the corpus of the trust property having been selected by the donor of the power, and an explicit bequest and devise of that property having been made by the donor of the power to such final beneficiary, subject only to a power in the donee to modify or change such bequest and devise, the title of the remainder passed to the beneficiaries under the will of the donor of the power, notwithstanding an attempt to exercise the power by the donee in such a way that no change whatever was effected in such original bequest and devise. The distinction between these two cases was pointed out by Vann, J., in 182 N. Y. 246, 74 N. E. 883. In the case before me, the will of the donor of the power is substantially the same as the will in Matter of Lansing, and the will of the donee of the power neither adds to nor takes from any of the final beneficiaries the benefits which the will of the donee of the power expressly conferred upon them.

The order appealed from must therefore be reversed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and LAMBERT, JJ.

G. J. Hardy, for appellant.
P. D. Trafford, for respondent.

PER CURIAM. Order affirmed, with costs and disbursements, on the opinion of the Surrogate.